UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JESUS RODRIGUEZ-LEON, | : | CIVIL NO: 3:13-CV-01382 |
| | : | |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| MONICA RECKTENWALD, | : | |
| | : | |
| Respondent | : | |
| | : | |

## **REPORT AND RECOMMENDATION**

**I. Introduction.**

The petitioner, Jesus Rodriguez-Leon, claims that the Bureau of Prisons failed to accurately compute the amount of time that he must serve on his federal sentence. Because we conclude that the Bureau of Prisons correctly calculated Rodriguez-Leon's sentence, we recommend that Rodriguez-Leon's petition for a writ of habeas corpus as well as his motion for summary judgment be denied.

**II. Background and Procedural History.**

In February of 2010, the Superior Court for Coffee County, Georgia sentenced Rodriguez-Leon to a two-year term of imprisonment for burglary. *Doc. 9-1, Ray Decl.* at ¶10. A couple of months later, the Superior Court for Telfair

County, Georgia sentenced Rodriguez-Leon to a two-year term of imprisonment for a probation violation. *Id.* at ¶11.

On July 13, 2010, while serving his Georgia sentences, Rodriguez-Leon was indicted in the United States District Court for the Southern District of Georgia for Reentry of a Removed Alien. *Id.* at ¶12. On September 23, 2010, the United States Marshal's Service borrowed Rodriguez-Leon from Georgia to appear in federal court pursuant to a writ of habeas corpus ad prosequendum. *Id.* at ¶13. On May 10, 2011, Judge Wood, the Chief Judge of the United States District Court for the Southern District of Georgia, sentenced Rodriguez-Leon to a 46-month term of imprisonment. *Doc. 9-1* at 21. The judgment provides, in relevant part:

> The Court makes the following recommendations to the Bureau of Prisons:
> Designation to the facility in Jesup, Georgia, is recommended. It is further recommended that the defendant receive credit for time served since the date of Indictment (July 13, 2010) toward the instant sentence.

*Id.*

After Rodriguez-Leon was sentenced, the Marshal returned him to the primary custody of Georgia authorities to continue serving his state sentences. *Doc. 9-1, Ray Decl.* at ¶15. On July 18, 2011, Georgia paroled Rodriguez-Leon and released him to the exclusive custody of the United States Marshal Service to begin serving his federal sentence. *Id.* at ¶16.

County, Georgia sentenced Rodriguez-Leon to a two-year term of imprisonment for a probation violation. *Id.* at ¶11.

On July 13, 2010, while serving his Georgia sentences, Rodriguez-Leon was indicted in the United States District Court for the Southern District of Georgia for Reentry of a Removed Alien. *Id.* at ¶12. On September 23, 2010, the United States Marshal's Service borrowed Rodriguez-Leon from Georgia to appear in federal court pursuant to a writ of habeas corpus ad prosequendum. *Id.* at ¶13. On May 10, 2011, Judge Wood, the Chief Judge of the United States District Court for the Southern District of Georgia, sentenced Rodriguez-Leon to a 46-month term of imprisonment. *Doc. 9-1* at 21. The judgment provides, in relevant part:

> The Court makes the following recommendations to the Bureau of Prisons:
> Designation to the facility in Jesup, Georgia, is recommended. It is further recommended that the defendant receive credit for time served since the date of Indictment (July 13, 2010) toward the instant sentence.

*Id.*

After Rodriguez-Leon was sentenced, the Marshal returned him to the primary custody of Georgia authorities to continue serving his state sentences. *Doc. 9-1, Ray Decl.* at ¶15. On July 18, 2011, Georgia paroled Rodriguez-Leon and released him to the exclusive custody of the United States Marshal Service to begin serving his federal sentence. *Id.* at ¶16.

The Bureau of Prisons computed Rodriguez-Leon's sentence as beginning on July 18, 2011, the date he was released from state custody on parole and taken into federal custody to begin serving his federal sentence. *Id.* at ¶17. The Bureau of Prisons awarded Rodriguez-Leon prior custody credit from the period of June 2, 2009 through July 14, 2009, which was time he had spent in state custody that was not credited to any state sentence. *Id.* According to the Bureau of Prisons' calculation of Rodriguez-Leon's sentence, Rodriguez-Leon's projected release date is November 22, 2014 via Good Conduct Time release. *Id.* at ¶17.

On May 21, 2013, Rodriguez-Leon, proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this case claiming that the Bureau of Prisons failed to calculate his sentence in accordance with the intent of the sentencing judge—Judge Wood. More specifically, Rodriguez-Leon claims that the Bureau of Prisons failed to provide him with credit toward his federal sentence for the period from July 13, 2010 to July 18, 2011, as intended by Judge Wood. The respondent filed a response to the petition, and Rodriguez-Leon filed a reply. Then, on January 21, 2014, Rodriguez-Leon filed a motion for summary judgment. The respondent later filed a brief in opposition, and Rodriguez-Leon filed a reply brief.

We conclude that the Bureau of Prisons correctly calculated Rodriguez-Leon's sentence. Accordingly, we recommend that his petition for a writ of habeas corpus and his motion for summary judgment be denied.

**III. Discussion.**

"To calculate Petitioner's sentence, the BOP must determine: (1) when his federal sentence commenced, and (2) any credits to which Petitioner may be entitled." *Lerario v. United States,* 371 F.Supp.2d 633, 635 (M.D.Pa. 2005)(Rambo, J.).

Under 18 U.S.C. § 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." Here, the Bureau of Prisons correctly determined that Rodriguez-Leon's federal sentence began to run on July 18, 2011, the date he entered federal custody to begin serving his sentence. Although Rodriguez-Leon was temporarily transferred to federal custody prior to his federal sentencing pursuant to a writ of habeas corpus ad prosequendum, he nevertheless remained in the primary custody of the Georgia. *See Rios v. Wiley,* 201 F.3d 257, 274 (3d Cir. 2000) ("[A] prisoner detained pursuant to a writ of habeas corpus ad prosequendum remains in the primary

custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the prisoner."), *superseded on other grounds by statute as recognized in United States v. Saintville,* 218 F.3d 246 (3d Cir.2000)). Thus, Rodriguez-Leon's federal sentence did not begin to run until July 18, 2011, the date he entered federal custody to begin serving his federal sentence.

18 U.S.C. § 3585(b) concerning credit for prior custody, provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

"The courts have construed the last clause of section 3585(b) as limiting an award of credit for time served prior to the imposition of a federal sentence under section 3585(b) to instances where the time period was not spent in service of a previously imposed sentence and thus had not been credited against that earlier sentence." *Rios*, 201 F.3d at 272. In other words, 18 U.S.C. § 3585(b) prohibits the award of double credit. *Id.; United States v. Wilson*, 503 U.S. 329, 337 (1992)(stating that Congress made clear in section 3585(b) that a defendant could not receive double credit for his detention time). It is the Bureau of Prisons that awards credit under § 3585(b). *Ruggiano v. Reish*, 307 F.3d 121, 132 (3d Cir.

2002)("The sentencing (district) court has no authority to award "credit" as that term is used in § 3585(b).").

Here, the Bureau of Prisons awarded Rodriguez-Leon credit for the period of June 2, 2009 through July 14, 2009, which was time he had spent in state custody that was not credited to any state sentence. The Bureau did not, however, award credit for the period from July 13, 2010 to July 18, 2011, because that period had already been credited toward Rodriguez-Leon's state sentences. Rodriguez-Leon does not claim that he was entitled to credit for that period under § 3585(b). Rather, he claims that Bureau incorrectly computed his federal sentence to run consecutively to his state sentences even though his sentencing judge intended his federal sentence run partially concurrent to his state sentences.

Under Sentencing Guideline § 5G1.3(c), the sentencing court may adjust a defendant's sentence so as to account for time served on an unrelated state sentence. *Ruggiano v. Reish*, 307 F.3d 121, 131 (3d Cir. 2002). Relying on *Ruggiano,* Rodriguez-Leon argues that this is what Judge Wood did when she recommended that he receive credit for time served from the date of the indictment (July 13, 2010).

In *Ruggiano*, in response to a request from defense counsel to run the federal sentence concurrent to a state sentence, the trial court stated: "It doesn't sound as if he has much time to go on the state sentence. But I think it makes sense to go

ahead and recommend that it be served concurrently and that he receive credit for the amount of time he has served there." 307 F.3d at 125. The sentencing court's written judgment in *Ruggiano* provided: "The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 112 months. Sentence imposed to run concurrent with State sentence. Defendant to receive credit for time served." *Id.* In *Ruggiano*, the Third Circuit determined that although he did not mention Sentencing Guideline § 5G1.3(c), the sentencing judge intended to adjust the defendant's sentence pursuant to Sentencing Guideline § 5G1.3(c) to account for time served on the unrelated state sentence. *Id.* at 134. The Third Circuit held that the Bureau of Prison's failure to implement the sentence imposed by the sentencing court mandated habeas corpus relief under § 2241. *Id.* at 136.

While we recognize that, pursuant to *Ruggiano,*[1] a sentencing court can apply § 5G1.3(c) without explicitly referring to §5G1.3(c) in the judgment, this

---

[1] The extent to which *Ruggiano* remains the law is not clear. Recently, the Third Circuit cited *Ruggiano,* but in a footnote, the Court noted that "§ 5G1.3 was amended in 2003 to clarify that subsection (c) does not authorize such an adjustment unless the court grants a downward departure." *Blood v. Bledsoe*, 648 F.3d 203, 207 n.4 (3d Cir. 2011)(citing U.S.S.G. § 5G1.3 app. Note 3(E) ("To avoid confusion with the Bureau of Prisons' exclusive authority provided under 18 U.S.C. 3585(b) to grant credit for time served under certain circumstances, the Commission recommends that any downward departure under this application note be clearly stated on the Judgment in a Criminal Case Order as a downward departure pursuant to § 5G1.3(c), rather than as a credit for time served."). And the Third Circuit noted that if the sentencing court "had intended to invoke the

case is distinguishable from *Ruggiano*. In *Ruggiano,* the sentencing court ordered the federal sentence to run concurrent to the state sentence. But in this case, not only does the judgment not mention § 5G1.3(c), it makes no mention whatsoever about running Rodriguez-Leon's federal sentence concurrent to his state sentences. And "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). Further, that part of the judgment regarding credit for time served is specifically phrased as a recommendation to the Bureau of Prisons. *Doc. 9-1* at 21 ("The Court makes the following recommendations to the Bureau of Prisons: Designation to the facility in Jesup, Georgia, is recommended. It is further recommended that the defendant receive credit for time served since the date of Indictment (July 13, 2010) toward the instant sentence."). In light of these facts, Judge Wood's recommendation to the Bureau of Prisons that Rodriguez-Leon receive credit for time served from the date of the indictment was not a mandatory direction that Rodriguez-Leon's sentence be adjusted pursuant to § 5G1.3(c) to run partially concurrent to his state sentences. Rather, it was merely

---

provision, it would have indicated as much." *Id.*; *see also Williams v. Zickefoose*, 504 F. App'x 105, 107-08 (3d Cir. 2012)(rejecting the argument that the sentencing court meant to apply § 5G1.3(c) because the amendment to the notes to § 5G1.3(c) was in effect at the time the petitioner's federal sentence was imposed, and neither he nor the sentencing court mentioned § 5G1.3(c)).

a non-binding recommendation for the Bureau of Prisons to award credit, if appropriate, under § 3585(b). *See e.g. Blood v. Bledsoe*, 648 F.3d 203, 206-07 (3d Cir. 2011)("We believe that if the Delaware court intended to fashion a sentence that would effectively "credit" Blood with the disputed time, it would have explicitly granted a downward departure in accordance with § 5G1.3(c) of the United States Sentencing Guidelines.); *Bailey v. Nash*, 134 F. App'x 503, 506-07 (3d Cir. 2005)(affirming denial of habeas petition where sentencing court did not indicate an intent to have the federal and state sentences run concurrently).

We note that "[w]hen a sentencing court's oral sentence and its written sentence "are in conflict," the oral sentence prevails." *Ruggiano*, 307 F.3d at 133. Neither party has provided this court with a copy of a transcript of the sentencing hearing. Although Rodriguez-Leon contends that the there is no conflict between Judge Wood's oral sentence and the written judgment, he also requests a copy of the transcript of the sentencing hearing. As there is no transcript of the sentencing hearing on the docket in Rodriguez-Leon's underlying criminal case, it does not appear that the record from the sentencing hearing was transcribed. *See* Docket Sheet in *United States v. Rodriguez-Leon*, 2:10-cr-00023-LGW-JEG-1.[2] The

---

[2] The court may take judicial notice of adjudicative facts that are not subject to reasonable dispute because they are "generally known within the trial court's territorial jurisdiction" or because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b)(2). The docket and documents in Rodriguez-Leon's criminal case are

docket of Rodriguez-Leon's underlying criminal case does, however, contain a minute sheet from the sentencing hearing. *Id.* at *Doc. 34*. That minute sheet provides that defense counsel requested a sentence concurrent to state charges. *Id.* It also provides in relevant part: "BOP will calculate consecutive—Court does not make recommendation as to how to calculate; request for FCI Jesup to be made to the extent that space and security allow; request for time served—BOP will calculate." *Id.* Thus, while we do not have a transcript of the sentencing hearing, the minute sheet confirms our conclusion that Judge Wood did not order concurrent sentences, but she merely recommended that the Bureau of Prisons award credit, if appropriate, under § 3585(b).

  We also note that, pursuant to 18 U.S.C. § 3621(b), the Bureau of Prisons has statutory authority to designate a state prison as the place of service of a federal sentence, and it may make that designation *nunc pro tunc*. *Barden v. Keohane,* 921 F.2d 476, 482 (3d Cir. 1990). "Thus, when a person subject to a federal sentence is serving a state sentence, the Bureau may designate the state prison as the place of imprisonment for the federal sentence—effectively making the two sentences concurrent—or decline to do so—effectively making them consecutive."

---

public records of which we can take judicial notice. *See Wilson v. McVey*, 579 F. Supp. 2d 685, 688 (M.D. Pa. 2008)(taking judicial notice of court docket); *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999)(stating that court "may take judicial notice of another court's opinion—not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity").

*Setser v. United States*, 132 S. Ct. 1463, 1467-68 (2012). Rodriguez-Leon's claim in this case is that the Bureau of Prisons failed to comply with Judge Wood's sentencing order. He does not claim in his petition that the Bureau of Prisons failed to exercise its discretion under § 3621(b) about whether to designate the Georgia prison where he was serving his state sentences as his place of imprisonment for his federal sentence.

The Bureau of Prisons did not fail to comply with the sentencing order, and the Bureau properly concluded that Rodriguez-Leon was not entitled to sentence credit for the period of time that was credited toward his state sentences. Accordingly, Rodriguez-Leon is not entitled to a writ of habeas corpus.

**IV. Recommendation.**

For the foregoing reasons, it is recommended that Rodriguez-Leon's motion (doc. 13) for summary judgment and his petition (doc. 1) for a writ of habeas corpus be denied.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and

all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 13th day of March, 2014.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge