## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JESUS RODRIGUEZ-LEON,** | : | **No. 3:13cv1382** |
| **Petitioner** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | **(Magistrate Judge Schwab)** |
| **MONICA RECTENWALD,** | : | |
| **Respondent** | : | |

### MEMORANDUM

Before the court for disposition is Magistrate Judge Susan E. Schwab's report and recommendation (hereinafter "R&R"). (Doc. 16). The R&R proposes denying Petitioner Jesus Rodriguez-Leon's (hereinafter "petitioner") petition for a writ of habeas corpus (Doc. 1) and motion for summary judgment (Doc. 13). Petitioner filed objections to the R&R (Doc. 17), and they are ripe for disposition.

**Background**

Petitioner is a federal inmate presently confined at the United States Penitentiary in Allenwood, White Deer, Pennsylvania. In February 2010, the Superior Court for Coffee County, Georgia sentenced petitioner to a two-year term of imprisonment for a state court burglary conviction. (Doc. 9-1, Resp. to Pet., Ex. A ¶ 10). Two months later, the Superior Court for Telfair County, Georgia sentenced petitioner to a two-year term of imprisonment for a state probation violation. (Id. ¶ 11). On July 13, 2010, while serving his state sentences, petitioner was indicted in the United States District Court

for the Southern District of Georgia on the charge of Reentry of a Removed Alien.  (Id. ¶ 12).

On May 10, 2011, Chief Judge Lisa Godbey Wood of the United States District Court for the Southern District of Georgia (hereinafter "sentencing judge" or "Judge Wood") sentenced petitioner to a forty-six (46) month term of imprisonment.  On July 18, 2011, the state of Georgia paroled petitioner and he was released to the exclusive custody of the United States Marshal Service to begin serving his federal sentence.  (Id. ¶ 16).

On May 21, 2013, petitioner filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (hereinafter "Section 2241"), challenging the United States Bureau of Prisons' (hereinafter "BOP") calculation of his federal sentence.  (Doc. 1).  He seeks a credit of 370 days applied to his federal sentence to account for time he spent in state prison after the date of his federal indictment.  On January 21, 2014, petitioner filed a motion for summary judgment. (Doc. 13).  The parties then briefed their respective positions, bringing the case to its present posture.

**Jurisdiction**

Because this case is brought under 28 U.S.C. § 2241 ("Section 2241"), the court has jurisdiction pursuant to 28 U.S.C. § 1331.  ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  Section 2241 "confers jurisdiction on district courts to issue writs of habeas corpus in response to a petition from a state or federal prisoner who 'is in custody in violation of the

Constitution or laws or treaties of the United States.'" <u>Coady v. Vaughn</u>, 251 F.3d 480, 484 (3d Cir. 2001).  The federal habeas statute also requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed."  <u>Lee v. Stickman</u>, 357 F.3d 338, 342 (3d Cir. 2004) (quoting <u>Maleng v. Cook</u>, 490 U.S. 488, 490-91 (1989)). Section 2241, unlike other federal habeas statutes, "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."  <u>Coady</u>, 251 F.3d at 485. (quoting 28 U.S.C. §§ 2241(a) and (c)(3)).  Although the Third Circuit Court of Appeals has yet to clearly define the meaning of "execution" in this context, it has cited approvingly holdings from other circuits finding that a Section 2241 motion properly challenges "such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions."  <u>Woodall v. Fed. Bureau of Prisons</u>, 432 F.3d 235, 242 (3d Cir. 2005).

**Standard of Review**

Petitioner objects to the R&R.  In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report against which objections are made.  28 U.S.C. § 636(b)(1)(c); <u>see also</u> <u>Sullivan v. Cuyler</u>, 723 F.2d 1077, 1085 (3d Cir. 1983). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

3

Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987).  The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.  Id.

Additionally, a *pro se* pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A habeas petition and any supporting submissions filed *pro se* must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Att'y Gen., 878 F.2d 714, 721-22 (3d Cir. 1989).  A federal district court, however, can dismiss a habeas petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).  See also 28 U.S.C. §§ 2243, 2255.

Furthermore, granting summary judgment is proper "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (quoting FED. R. CIV. P. 56(c)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc.,

4

477 U.S. 242, 247-48 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion.  Int'l Raw Materials, Ltd. v. Stauffer Chem. Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. Anderson, 477 U.S. at 248.  A fact is material if it might affect the outcome of the suit under the governing law.  Id.  Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by establishing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial.  Celotex v. Catrett, 477 U.S. 317, 322 (1986).  Once the moving party satisfies its burden, the burden shifts to the non-moving party, who must go beyond its pleadings, and designate specific facts within affidavits, depositions, admissions, or answers to interrogatories demonstrating that there is a genuine issue for trial.  Id. at 324.

**Discussion**

Magistrate Judge Schwab recommends denying petitioner's habeas corpus petition and motion for summary judgment.  Petitioner has filed three objections.  Petitioner objects to the recommendations that the BOP: 1) correctly implemented his federal sentence; 2) appropriately ran petitioner's federal sentence consecutive to his state court sentences; and 3) properly designated a United States Penitentiary as the location for petitioner to

5

serve his federal sentence.  We will address each objection *in seriatim*.

### A. Did the BOP correctly implement petitioner's federal sentence?

In his first objection, petitioner argues that the magistrate judge erred in finding that the BOP properly implemented his federal sentence. Specifically, he asserts that the sentencing court's written judgment states that petitioner's federal sentence be adjusted to account for the period of time he served in state custody after the date of his federal indictment. Petitioner's contention, however, is without merit because the record does not demonstrate that the sentencing judge intended such a result.

United States Sentencing Guideline 5G1.3(c) (hereinafter "Section 5G1.3(c)") provides that a sentencing court may adjust a defendant's federal sentence to receive credit for time served on a state court sentence. In pertinent part, Judge Wood's written judgment provides as follows:

> The court makes the following recommendations to the
> Bureau of Prisons: Designation to the facility in Jesup,
> Georgia, is recommended.  It is further recommended that
> the defendant receive credit for time served since the date
> of Indictment (July 13, 2010) toward the instant sentence.

(Doc. 9-1, Resp. to Pet., Ex. A at 21).

Based on Judge Wood's judgment, petitioner relies on a Third Circuit Court of Appeals decision to support his contention that he is to receive credit for time served on his state conviction.  See Ruggiano v. Reish, 307 F.3d 121 (3d Cir. 2002) (hereinafter "Ruggiano").  In Ruggiano, while serving a sentence on an unrelated state gambling conviction, the defendant was sentenced to a 112-month term of imprisonment in federal prison after pleading guilty to federal charges of racketeering.  The Third Circuit held that

6

the BOP failed to implement the sentence imposed by the sentencing court because the written judgment, although failing to explicitly reference Section 5G1.3(c), specifically ordered that defendant's sentence run concurrent with his state sentence.  In short, petitioner now argues that although Judge Wood failed to explicitly reference Section 5G1.3(c) in the written judgment, she nevertheless intended petitioner's sentence be adjusted pursuant to Section 5G1.3(c).

In her report and recommendation, Magistrate Judge Schwab determined that the BOP properly calculated petitioner's sentence in accordance with the judgment of the sentencing court.  Moreover, she noted that the extent to which <u>Ruggiano</u> remains the law is not clear and that petitioner's case is nevertheless distinguishable from <u>Ruggiano</u>.[1] Petitioner

---

[1] In her report and recommendation, Magistrate Judge Schwab stated: "Recently, the Third Circuit cited <u>Ruggiano</u>, but in a footnote, the Court noted that "§ 5G1.3 was amended in 2003 to clarify that subsection (c) does not authorize such an adjustment unless the court grants a downward departure." <u>Blood v. Bledsoe</u>, 648 F.3d 203, 207 n.4 (3d Cir. 2011)(citing U.S.S.G. § 5G1.3 app. Note 3(E) ("To avoid confusion with the Bureau of Prisons' exclusive authority provided under 18 U.S.C. 3585(b) to grant credit for time served under certain circumstances, the Commission recommends that any downward departure under this application note be clearly stated on the Judgment in a Criminal Case Order as a downward departure pursuant to § 5G1.3(c), rather than as a credit for time served.").  And the Third Circuit noted that if the sentencing court "had intended to invoke the provision, it would have indicated as much." <u>Id.</u>

7

now argues that "Ruggiano . . . . is still good law," and that his case is "slightly stronger" than Ruggiano."  (Doc. 17, Objs. to Rep. & Rec. at 1-2).

Petitioner is correct in asserting that the Third Circuit Court of Appeals recognized in Ruggiano that a sentencing court can apply Section 5G1.3(c) without explicitly referring to it in the judgment.  The written judgment in the instant case, however, is significantly distinguishable from the judgment in Ruggiano.  In Ruggiano, the sentencing court did not specifically reference Section 5G1.3(c), however, the judgment explicitly ordered that defendant's federal sentence run concurrent with the state sentence.  Here, not only does the judgment fail to reference Section 5G1.3(c), it is silent regarding running petitioner's federal sentence concurrent to his state sentences.

It is well settled that "[m]ultiple terms of imprisonment imposed at different times run *consecutively* unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a) (emphasis added).  Moreover, as the magistrate judge noted, Judge Wood specifically phrased the part of the judgment regarding credit for time served as a recommendation to the BOP, not as a "mandatory direction." (Doc. 16, R&R at 8).  As such, the magistrate judge determined that the judgment  was merely a non-binding recommendation for the BOP to award credit, if appropriate, under 18 U.S.C. § 3585(b), which allows for the granting of credit in certain circumstances.[2] Id. at 9; see also Blood v. Bledsoe, 648 F.3d 203, 206-07 (3d Cir. 2011)("We

---

(Doc. 16, at 7, n.1).

[2]  Section 3585(b) is discussed more fully below.

believe that if the Delaware court intended to fashion a sentence that would effectively "credit" Blood with the disputed time, it would have explicitly granted a downward departure in accordance with § 5G1.3(c) of the United States Sentencing Guidelines.).

After careful review of the record, we find that the BOP was precluded from awarding petitioner credit for the 370 days from July 13, 2010 to July 18, 2011 he spent in state custody after the date of his federal indictment because that period had already been credited toward his state sentences. (Doc. 9-1, Ex. 1, declaration of BOP Management Analyst Alan Ray, ¶ 18). Accordingly, petitioner's objection will be overruled.

### B. Did the BOP Properly Impose Petitioner's Federal Sentence to Run Consecutive to his State Sentences?

Similar to his first objection, petitioner's second objection argues that the BOP failed to run his federal sentence concurrent with his state sentences.  He asserts that although the sentencing judge did not specifically state that his federal sentence was to run concurrent to his state sentences, the court should find that the effect of the judgment was to impose concurrent sentences.  We disagree with petitioner and find that the BOP properly calculated the petitioner's sentence.

Computation of a federal sentence is governed by 18 U.S.C. § 3585. To calculate a petitioner's sentence, the BOP must make the following two-step determination: "(1) when [Petitioner's] federal sentence commenced, and (2) any credits to which Petitioner may be entitled." Lerario v. United States, 371 F.Supp.2d 633, 635 (M.D. Pa. 2005).  In light of petitioner's

objection, we will examine each step in turn.

### 1. Commencement of Sentence

Federal law provides that a federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."  18 U.S.C. § 3585(a).  In determining the commencement of a sentence, it is therefore clear that "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody . . . ." 18 U.S.C. § 3585(a).

Here, the state of Georgia paroled petitioner and released him to the exclusive custody of the United States Marshal Service on July 18, 2011.  Thus, it is clear that petitioner was received into federal custody on this date.

While petitioner was temporarily transferred to federal custody pursuant to a writ of habeas corpus ad prosequendum from September 23, 2010 to May 17, 2011, he nevertheless remained in the primary custody of the state of Georgia.  See Rios v. Wiley, 201 F.3d 257, 274 (3d Cir. 2000) ("[A] prisoner detained pursuant to a writ of habeas corpus ad prosequendum remains in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the prisoner").  Accordingly, the BOP correctly calculated that petitioner's federal sentence did not begin to run until the date he was received in federal custody, July 18, 2011.

### 2. Sentence Credit

A federal defendant is entitled under certain circumstances to "jail time

credit," or credit for custody prior to the sentence's commencement or imposition.  Prior custody credit is governed by 18 U.S.C. § 3585(b), which provides:

> (b) A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).

The purpose of the last clause of 18 U.S.C. § 3585(b) (hereinafter "Section 3585(b)") is to prohibit the award of double credit to a defendant for his detention time.  United States v. Wilson, 503 U.S. 329, 337 (1992) (stating that the statutory language in Section 3585(b) made clear that a defendant could not receive double credit for his detention time).  As such, "a federal defendant is not entitled to double credit, that is, to credit against his current federal sentence based on a term of imprisonment that is credited to another sentence."  Rios v. Wiley, 201 F.3d 257, 274-75 (3d Cir. 2000).

The prohibition on double credit includes when a state prisoner is temporarily removed to federal custody pursuant to a writ of habeas corpus ad prosequendum.  Hawkins v. Holt, CIV.A. 1:05-CV-2662, 2007 WL 2022091 at *3 (M.D. Pa. July 10, 2007).  In that instance, the federal

defendant may not receive credit for the time he was in federal custody pursuant to the writ against the federal sentence imposed as a result of that prosecution.  <u>Rios</u>, 201 F.3d at 274-75.  Under the primary jurisdiction principle, the federal defendant in fact continues to serve his state sentence while he is in federal custody.  <u>Id.</u> "[T]he writ merely 'loans' the prisoner to federal authorities" without affecting the term of his prior state sentence.  <u>Id.</u>

In the present matter, there is no indication that the State of Georgia relinquished primary custody at any time.  Rather, it is clear that, as evidenced by the return of petitioner to state custody after being sentenced in federal court, Georgia state authorities maintained primary custody of petitioner while he was in the secondary custody of federal authorities.  As set forth in <u>Ruggiano</u>, "time spent in federal custody pursuant to a writ ad prosequendum is credited toward [a] state sentence, not [a] federal sentence."  <u>Ruggiano</u>, 307 F.3d at 125 n.1.  Here, the time spent in secondary federal custody was credited toward petitioner's state sentences. (Doc. 9-1, Ex. 1, declaration of BOP Management Analyst Alan Ray, ¶ 18). Thus, petitioner is not entitled to receive this credit toward his federal sentence.  <u>Rios</u>, 201 F.3d at 272; <u>see</u> <u>also</u> <u>Vega v. United States</u>, 493 F.3d 310, 314 (3d Cir. 2007) (stating that time allotted toward a defendant's state term of imprisonment is not available to be credited toward his unrelated federal sentence.).

Petitioner now argues that the sentencing judge intended to impose a partial concurrent sentence, so that he would be credited for time served in

prison prior to the date of his federal sentencing.  The record fails to establish that the sentencing judge intended such a sentence.  In fact, the sentencing judge did not explicitly direct that the defendant was to receive credit for such time.

The evidence that the petitioner presents in support of his position is the minute sheet from the sentencing hearing found in the docket of his underlying criminal case.  See Docket Sheet in United States v. Rodriguez-Leon, 2:10-cr-00023-LGW-JEG-1at Doc. 34.  The minute sheet provides that petitioner's defense counsel requested that the sentencing judge impose a partial concurrent sentence to credit for his undischarged term of imprisonment in Georgia state custody.  As the magistrate judge noted, however, the minute sheet also provides in relevant part: "BOP will calculate consecutive-Court does not make recommendation as to how to calculate; request for FCI Jesup to be made to the extent that space and security allow; request for time served-BOP will calculate." Id. Thus, it is clear from both a plain reading of Judge Wood's written judgment as well as the minute sheet from petitioner's sentencing hearing, that Judge Wood did not order concurrent sentences but rather left the calculation to the sole discretion of the BOP.  As stated previously, 18 U.S.C. § 3584(a) provides that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms run concurrently." Accordingly, we find that the BOP properly calculated petitioner's sentence as commencing on July 18, 2011 with a projected release date of November 22, 2014.

**C.  Should the Court Direct the BOP to Make a Nunc Pro Tunc Designation of the Georgia State Prison as The Place Of Service of Petitioner's Federal Sentence?**

In his third and final objection, petitioner asserts that the magistrate judge erred by not directing the BOP to exercise its discretion to make a *nunc pro tunc* designation of the Georgia state prison as the place of service of his federal sentence.  The magistrate judge noted, however, that petitioner did not claim in either his petition for habeas relief or his motion for summary judgment that the BOP failed to exercise its discretion to make this designation.  As such, we find that the magistrate judge properly affirmed the BOP's location of petitioner's sentence.

The law provides that the BOP has statutory authority to designate a state prison as the place of service of a federal sentence, and it may make that designation *nunc pro tunc*.  18 U.S.C. § 3621(b); Barden v. Keohane, 921 F.2d 476, 482 (3d Cir. 1990). "Thus, when a person subject to a federal sentence is serving a state sentence, the Bureau may designate the state prison as the place of imprisonment for the federal sentence-effectively making the two sentences concurrent-or decline to do so-effectively making them consecutive." Setser v. United States, 132 S. Ct. 1463, 1467-68 (2012).

Here, petitioner claims that the BOP failed to comply with Judge Wood's sentencing order.  He does not claim that the BOP failed to exercise its discretion under 18 U.S.C. § 3621(b) regarding the location of where to serve his federal sentence.  Moreover, even if petitioner had specifically

14

requested that the BOP make this *nunc pro tunc* designation, the decision to do so nevertheless remains the sole discretion of the BOP. Accordingly, we find that the magistrate judge did not err in failing to direct the BOP to exercise its discretion to make a *nunc pro tunc* designation.

**Conclusion**

      For the reasons stated above, the court will overrule petitioner's objections and adopt the report and recommendation.  The court finds that the BOP did not fail to comply with the sentencing order and properly concluded that petitioner was not entitled to sentence credit for the period of time that was credited toward his state sentences. Therefore, petitioner's motion for summary judgment and his petition for a writ of habeas corpus will be denied.  An appropriate order follows.


**Date**: <u>**July 7, 2014**</u>                 **s/ James M. Munley**
                                                **JUDGE JAMES M. MUNLEY**
                                                **United States District Court**